UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM LAUBE,<br><br>                    Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. 2:25-cv-02101-LK<br><br>ORDER DENYING MOTION TO ACCEPT LATE FILING OF COMPLAINT |

This matter comes before the Court on Plaintiff Kim Laube's motion asking the Court to accept her late filed complaint. Dkt. No. 6. The Commissioner has not responded to the motion. For the reasons set forth below, the Court denies the motion.

"Any individual, after any final decision of the Commissioner of Social Security, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). A claimant who does not file a civil action within the prescribed 60-day time frame loses the right to judicial review "unless [the claimant] can show

[the Commissioner] that there was good cause for [her] failure to make a timely request for review." *See* 20 C.F.R. § 404.900(b). A statute of limitations "must be strictly construed" because it "is a condition on the waiver of sovereign immunity[.]" *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Consequently, absent an applicable exception, a court must dismiss a claimant's untimely complaint if it falls outside Congress's express consent to suit. *See Kaiser v. Blue Cross*, 347 F.3d 1107, 1117 (9th Cir. 2003); *Smith v. Comm'r of Soc. Sec. Admin.*, No. CV-24-03014-PHX-JAT, 2025 WL 1025026, at *2 (D. Ariz. Apr. 4, 2025). Equitable tolling, which "is consistent with Congress' intent in enacting § 405(g)," can excuse an untimely appeal, but it is only in "the rare case" that tolling applies. *Bowen*, 476 U.S. at 480–81; *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

Here, the Appeals Council issued a final decision on July 28, 2025, Dkt. No. 5 at 1, but Laube did not file this action until October 27, 2025, Dkt. No. 1, approximately 26 days past the deadline.[1] Laube's motion provides the following explanation for the late filing:

> Due to a change of staff in the office, this Complaint had not been properly calendared and therefore was not filed timely. Internal measures have been taken in order to avoid such a situation happening again. As the late filing does not cause prejudice to the Defendant, the Plaintiff respectfully requests that the Court accept the late filing of this Complaint.

Dkt. No. 6 at 1. In violation of Local Civil Rule 7(b)(1), Laube did not supply an affidavit substantiating these factual assertions regarding the cause of the late filing. Laube also does not

---

[1] Although the statute of limitations starts to run on the date the claimant received the Commissioner's notice of denial of the claimant's request for review, *see* 20 C.F.R. § 422.210(c), neither the complaint nor the motion states when receipt occurred, *see generally* Dkt. Nos. 5, 6. The notice is presumed to have been received five days after the date on the notice, so "[a] civil action filed within 65 days of the notice is presumed timely." *Williams v. Comm'r of Soc. Sec.*, No. 1:17-cv-0760-JLT, 2019 WL 1556659, at *2 (E.D. Cal. Apr. 10, 2019) (citing regulations).

ORDER DENYING MOTION TO ACCEPT LATE FILING OF COMPLAINT - 2

provide any legal basis supporting acceptance of her late filing, and the Court finds that she has not established that the deadline should be equitably tolled.

Equitable tolling requires that a plaintiff show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). "Equitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Laube may have pursued her rights diligently by retaining counsel, appealing the Administrative Law Judge's denial of her claim to the Appeals Council, and then appealing the Appeals Council's denial to this Court. *See* Dkt. No. 5 at 1.[2] However, she has not identified any extraordinary circumstances that prevented her from filing a timely complaint. Her counsel's calendaring error constitutes negligence, not an extraordinary circumstance. For example, a Court in this district recently found that equitable tolling did not apply when the same counsel who represents Laube argued that plaintiff's four-day complaint filing delay was "due to a new secretary in the office which incorrectly calculated the statute of limitations." *Evans J.S. v. Comm'r of Soc. Sec.*, No. C24-5315 RSM, 2024 WL 4202162, at *2 (W.D. Wash. Sept. 16, 2024) ("Plaintiff's untimely filing due to a miscalculation of dates is neither a showing of due diligence nor an extraordinary circumstance under which the statute of limitations should be equitably tolled."). In *Evans J.S.*, the fact that the filing delay was relatively short—as it was here—did not bolster the case for equitable tolling. *See id.* (collecting cases). *Evans J.S.* is consistent with Ninth Circuit authority declining to "recognize run-of-the mill mistakes as grounds for equitable tolling because doing so would essentially equitably toll

---

[2] Laube could have, but apparently did not, seek an extension of the complaint filing deadline from the Commissioner. *See* 20 C.F.R. § 404.982.

ORDER DENYING MOTION TO ACCEPT LATE FILING OF COMPLAINT - 3

1  limitations periods for every person whose attorney missed a deadline." *Okafor*, 846 F.3d at 340
2  (citation modified); *see also Lazerson v. Colvin*, No. 4:13-cv-02832-YGR, 2014 WL 967048, *6
3  (N.D. Cal. Mar. 6, 2014) (denying equitable tolling because "this appears to be a case of attorney
4  negligence that does not warrant this extraordinary remedy").

   The Court notes that this is only the latest example of many of plaintiff's counsel failing to conform to the standard of practice in this Court. *See, e.g.*, *Katarena C. v. Comm'r of Soc. Sec.*, No. C24-1663-SKV, 2025 WL 2730668, at *3 n.4 (W.D. Wash. Sept. 25, 2025) (same counsel as instant case) (noting that counsel exhibited a "lack of diligence" in his briefing and warning that "similar inadequate briefing in the future may not be considered"); *Inman v. Comm'r*, 24-cv-01448-LK, Dkt. No. 14 at 4–5 (W.D. Wash. Sept. 22, 2025) (same counsel as instant case) (noting that counsel's briefing was skeletal and inadequate); *Dianna H. v. Comm'r*, No. 3:24-cv-05630-TL, 2025 WL 1355379, at *2 (W.D. Wash. May 9, 2025) (same counsel as instant case) ("Plaintiff's three-paragraph brief and two-paragraph reply are skeletal and inadequate in every way"); *Dennis T. v. Comm'r of Soc. Sec.*, No. C19-5500-RAJ, 2020 WL 91491, at *2 (W.D. Wash. Jan. 8, 2020) (same counsel as instant case) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work by framing the argument and putting flesh on its bones through a discussion of the applicable law and facts."). Counsel's performance not only reflects poorly on himself and his law firm; it has potentially irreparably harmed his clients. The Court reminds counsel of his obligations under Local Civil Rule 83.3, and warns him that it may initiate discipline if he violates the Standards of Professional Conduct or this court's Oath of Attorney in the future. LCR 83.3(c). The Court also ORDERS counsel to provide a copy of this Order to his client and file an affidavit certifying that he has done so within 10 days of the date of this Order.

Because Laube has failed to establish a basis to equitably toll the appeal deadline, the Court DENIES her motion to accept the late filing of her complaint. Dkt. No. 6.

Dated this 1st day of December, 2025.

*Lauren King*

Lauren King
United States District Judge

ORDER DENYING MOTION TO ACCEPT LATE FILING OF COMPLAINT - 5